UNITED STATES *v.* LEIGH *et al.*

*(Circuit Court, D. Massachusetts. January 9, 1890.)*

CUSTOMS DUTIES—CLASSIFICATION—CARD CLOTHING.
Card clothing which is attached by means of rivets to iron flats, for the purpose of being attached to machines for carding cotton, does not come within the provisions of tariff act of 1883, (22 St. U. S. 511, Schedule N,) relating to the duty on card clothing, but is assessable under 22 St. U. S. 501, Schedule C, relating to the duty upon manufactures composed wholly or in part of iron, steel, etc.

At Law. Actions to recover customs duties upon importation of card clothing.

*Thomas H. Talbot,* Asst. U. S. Atty.
*Joseph H. Robinson,* for defendants.

COLT, J. The importation in these suits consisted of card clothing attached by means of rivets to "iron flats," which are pieces of meta, about 41 inches long, with a rib cast on their back, showing in section a shape like this: |. These iron flats, when covered with card clothing, are attached to machines for carding cotton, but not necessarily to any particular carding machine which may be imported with them. When imported, the card clothing was riveted to the iron flats, but it was described in the invoices as "tops," which is another name for card clothing. It was separately bought in the foreign market, and was separately valued in the invoices as "tops," and it was packed by itself in cases separately marked and numbered. Upon this article the collector assessed a duty of 45 per centum *ad valorem,* under Schedule C of the act of March 3, 1883, (22 St. 501,) as a manufacture composed wholly or in part of iron, steel, etc. The importer contends that the duty should have been assessed under Schedule N of the same act, (22 St. 511,) which provides as follows: "Card clothing, twenty-five cents per square foot; when manufactured from tempered steel wire, forty-five cents per square foot."

The difficulty with the defendants' position is this: that the article imported was not card clothing, but it was pieces of card clothing firmly secured to iron flats by means of rivets; in other words, it was card clothing made or manufactured into something else, of which card clothing formed one of the elements. The treasury decisions cited by the defendants do not, it seems to me, apply to this case. They would be more applicable if the card clothing had been separated, when imported, from the flats; but, it having been firmly united to the flats in the manner described, it is no longer the card clothing of commerce, but it has become a new article of manufacture. It seems to me that this case comes within the recent decision of this court in *Birtwell* v. *Saltonstall*, 39 Fed. Rep. 383, and the authorities there cited, and I do not think it necessary to again go over the same ground. Let judgment be entered for the plaintiffs for amount claimed. Judgment for plaintiffs.